UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADFORD BARNEYS | No. 3:16-cr-00029 (MPS)<br><br>August 2, 2016 |

## RULING ON MOTION TO SEVER DEFENDANT

Defendant Bradford Barneys moves (ECF Nos. 106 and 114) to sever the Government's prosecution of him from his co-defendant, Timothy Burke, in Case Number 16cr29.  Defendant argues that "severance is necessary to avoid the highly prejudicial spillover effect that will result from the introduction of evidence against his co-defendant in a joint trial."  (ECF No. 114 at 1.)  Defendant's Motion is DENIED because he has failed to show that "there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993)

### I.      Background

On April 27, 2016, a grand jury returned a twelve-count Second Superseding Indictment charging Defendant Bradford Barneys with two counts of conspiracy and mail fraud.  (ECF No. 79.)  His co-defendant Timothy Burke with charged in the same indictment with twelve counts of conspiracy, mail fraud, wire fraud, aggravated identity theft, tax evasion, and money laundering.  The Indictment alleges that Barneys, acting as Mr. Burke's lawyer, conspired with Mr. Burke to defraud homeowners by taking control of their foreclosed properties through fraudulent representations.

### II.     Discussion

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537 (1993). Defendants seeking severance pursuant to Fed. R. Crim. P. 14 have a high burden:

> When defendants are properly joined under Rule 8, a severance, pursuant to Fed R.Crim. P. 14, should only be granted if there is a serious risk that a joint trial would either compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *See Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). A defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials. *See United States v. Panza,* 750 F.2d 1141, 1149 (2d Cir.1984).

*United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). The preference for joint trials "is particularly strong where, as here, the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh,* 152 F.3d 88, 115 (2d Cir. 1998).

Defendant argues that severance is necessary because of the prejudicial spillover effect that will result from the introduction of evidence against his co-defendant. Spillover prejudice is an "unlikely occurrence when all the defendants are charged under the same conspiracy count." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998). Defendant Barneys argues that much of the evidence that the government plans to introduce in its case in chief would be inadmissible in a trial against Mr. Barneys alone. Defendant Barneys argues that the "hundreds of intercepted communications to which Mr. Barneys was not a party or about which he had no knowledge or involvement" would result in spillover prejudice and compel severance.

This argument fails for two reasons. First, "the fact that evidence may be admissible against one defendant but not another does not necessarily require a severance." *United States v. Carson*, 702 F.2d 351, 367 (2d Cir. 1983). Furthermore, the Second Circuit has repeatedly held that "[d]iffering levels of culpability and proof are inevitable in any multi-defendant trial and,

2

standing alone, are insufficient grounds for separate trials." *Id.* at 366-67 (2d Cir. 1983); *see also United States v. Spinelli,* 352 F.3d 48, 55 (2d Cir. 2003).  The Second Circuit also "has repeatedly recognized that joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993).  But more importantly, Defendant Barneys has not explained why these communications would necessarily be inadmissible against him.  In fact, as the government points out in its brief, the communications may be admissible against Mr. Barneys under the co-conspirator exception.  Fed. R. Evid. 801(d)(2)(E).  Even if they are not, the Court may issue limiting instructions that would clarify that such evidence was to be considered against Mr. Burke only.

   Defendant also argues that he will be prejudiced because Mr. Burke has a prior federal conviction for similar conduct.  "In a prosecution for conspiracy an individual defendant is not entitled to a separate trial upon the ground that he would be unable to obtain a fair trial in the company of defendants who had pled guilty to a separate indictment and also with a defendant who had a criminal record." *United States v. Rucker*, 586 F.2d 899, 903 (2d Cir. 1978).  Burke's prior conviction does not warrant severance.  "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  Here, Defendant Barneys has not shown a high risk of prejudice.  Any prejudice that does result from the introduction of his co-defendant's criminal record can be cured by a limiting instruction.

### III. Conclusion

   For the reasons stated above, Defendant's Motion to Sever is DENIED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         August 2, 2016